## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Southern Division

|  |  |  |
|---|---|---|
| | * | |
| **CHRISTOPHER PALMER,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | **Civil Action No.: RWT-14-0897** |
| | * | |
| **PRINCE GEORGE'S COMMUNITY** | * | |
| **COLLEGE** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |
| | * | |
| | * | |
| | ****** | |

### <u>MEMORANDUM OPINION</u>

Before this Court is Plaintiff's Motion for Appropriate Relief and Notice of Service (the "Motion") (ECF No. 18) and the opposition thereto (ECF No. 20). On October 9, 2014, the Court held a telephone hearing with Plaintiff and counsel for Defendant. For the reasons presented below, the Court GRANTS the Motion in part and DENIES the Motion in part.

### I.      Background

On August 20, 2014, Defendant propounded twelve interrogatories to Plaintiff and served its notice to take Plaintiff's deposition. Plaintiff objected to these interrogatories and the deposition. He noted that while he was not sure whether he was legally required to comply, he felt the requests were invasive and irrelevant. In an attempt to resolve the issues, the Court treated the Motion as one for a Protective Order. The parties were advised of the proper method to pursue a motion for the future.

## II.     Discussion

Plaintiff is proceeding pro se.  Under our Local Rules, "[i]ndividuals representing themselves are responsible for performing all duties imposed upon counsel by these Rules and all other applicable federal rules of procedure."  D. Md. Loc. R. 101(1)(a).  Under the Federal Rules of Civil Procedure,

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

The Court did not receive copies of Defendant's interrogatories.  During the hearing, Plaintiff read the interrogatories aloud so the Court could consider his Motion.  The Court found that Defendant's interrogatories numbered 1-4, 6, 8, and 10-12 "appear[] reasonably calculated to lead to the discovery of admissible evidence," and that Plaintiff must reply to these discovery requests, as written.  Plaintiff must reply to Defendant's fifth interrogatory insofar as it requests information regarding any mental health related treatment in the last five years.  Plaintiff is not required to reply to Defendant's seventh interrogatory at this time, but will be required to provide such information both to Defendant and the Court in accordance with the Court's directions regarding any proposed pre-trial order.  Finally, Plaintiff is required to reply to Defendant's ninth interrogatory insofar as it requires all employment related information from the year 2002 to the present date.  Plaintiff shall provide written answers to interrogatories, under oath, on or before October 16, 2014.

The Court finds that Defendant's notice of deposition to Plaintiff is proper and that Plaintiff must submit to a deposition that is consistent with the federal and local rules.  The Court orders the deposition to occur on November 4th, 2014, at 10 a.m.  Discovery is otherwise closed. The deadline for dispositive motions is now December 4, 2014.

**III.    Conclusion**

For the foregoing reasons, I hold that Plaintiff's Motion is GRANTED in part and DENIED in part.

October 9, 2014                                        _____/s/_____
                                                      Charles B. Day
                                                      United States Magistrate Judge

CBD/sdh